IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNIE GRAY JR.,

    Plaintiff,                               No. CIV S-05-0842 MCE DAD P

    vs.

C.A. TERHUNE, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        The district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or against any officer or employee of a governmental entity. See 28 U.S.C. § 1915A.  In the present case, plaintiff has sued numerous staff, both medical and correctional, employed at California Medical Facility, along with the director of the California Department of Corrections.  Plaintiff alleges that defendant Lee, the officer in charge on second watch, assaulted him sexually with a baton on the night of February 16th of an unspecified year and caused him to suffer serious physical injuries.  Plaintiff further alleges that all the other defendants practice or permit a pattern of excessive force.  Plaintiff seeks declaratory relief and

1

an injunction prohibiting the defendants and others from transferring him to another institution without his consent and from stalking, threatening, punishing, retaliating against, or harassing him for filing this action. Plaintiff also seeks millions of dollars in damages.

Plaintiff states that a grievance procedure is available at the institution but indicates that he has not filed a grievance concerning the facts relating to his complaint because of "Revenge for other 602's and Plaintiff was denied Relief form [sic], First level through Director Level of his Administrative Appeal Process."

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of prison administrative procedures is mandated "regardless of the relief offered through [such] procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). A remedial scheme is considered "available" for purposes of 42 U.S.C. § 1997e(a) where the administrative process has authority to take some action in response to a prisoner's grievance, even if the action is not the remedial action sought by the prisoner. Id. at 736. Courts may not read futility or other exceptions into statutory exhaustion requirements "where Congress has provided otherwise." Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). In the present case, plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies based on alleged futility. This action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted available administrative remedies.[1]

---

[1] Any inmate appeal concerning the assault should describe the involvement and actions of all persons who violated his rights. If plaintiff files a new action after he exhausts available administrative remedies, he should allege specific facts concerning each defendant's involvement in the violation of his federal civil rights. Vague and conclusory allegations will not suffice.

1  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
2  without prejudice for failure to exhaust administrative remedies before bringing the action.
3  These findings and recommendations will be submitted to the United States
4  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
5  twenty days after being served with these findings and recommendations, plaintiff may file
6  written objections with the court.  Any document containing objections should be titled
7  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
8  failure to file objections within the specified time may, under certain circumstances, waive the
9  right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: June 13, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
gray0842.efr

3